

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SHAUNTAY A. SPINNER, individually, and on behalf of all others similarly situated,

    Plaintiffs,

-against-

CONTRACT SECURITY FORCES, LLC,

    Defendant.

Civil Action No.: 1:15cv849 CMH/TCB

**COLLECTIVE ACTION COMPLAINT**

**JURY DEMAND**

Plaintiff, **SHAUNTAY A. SPINNER** (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, as and for their Complaint, alleges Defendant **CONTRACT SECURITY FORCES, LLC**'s (hereinafter "Defendant" or "**CONTRACT SECURITY**") failure to pay Plaintiff and all other similarly situated employees overtime compensation and other unlawful labor practices as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA in connection with Defendant's commonly applied policy and practice in violation of their statutory obligations to pay Plaintiff and the putative collective members overtime compensation at time and a half (1.5) their regular rate of pay.

3. Defendant paid Plaintiff and all others similarly situated overtime compensation at their regular rate of pay, in violation of the FLSA.

4. In other words, Security Guards at Contract Security Forces, LLC were not paid a premium for overtime and instead overtime work was paid at a straight time rate of pay.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed systematic and widespread violations of the above-described federal wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

8. Defendant **CONTRACT SECURITY** is a domestic limited liability company organized and existing under the laws of the Commonwealth of Virginia.

9. **CONTRACT SECURITY** has its principle office located at 14381 Hereford Road, Woodbridge, VA 22193.

10. **CONTRACT SECURITY** can be served through its registered agent, Michele Anita Johnson, located at 15338 Colonel Tansill Ct, Woodbridge, VA 22193.

11. At all relevant times herein, Plaintiff was and is a resident of the Campbell County in the Commonwealth of Virginia.

2

12. Plaintiff was employed by Defendant as an hourly paid Security Guard from approximately February 2010 to 2011 and again from approximately February 2014 to June 2015.

13. Plaintiff's regular rate of pay was $15.00 per hour.

14. Defendant failed to pay Plaintiff overtime at time and a half (1.5) his regular rate of pay.

## FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint, as if fully set forth herein.

16. Defendant is a privately held establishment providing private security services to its clients.

17. Defendant operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

18. At all times material and relevant herein, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

19. At all times material and relevant herein, Defendant is the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

20. At all times material and relevant herein, Plaintiff and all other similarly situated employees were and are "employees" within the meaning of 29 U.S.C. §203(e).

21. At all times material and relevant herein, Defendant either directly or indirectly hired Plaintiff and all other similarly situated employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

22. At all times material and relevant herein, Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and all other

similarly situated employees.

23. Plaintiff worked as a Security Guard for Defendant.

24. Security Guards were paid an hourly rate of pay.

25. Defendant did not claim any exemption from overtime for Security Guards.

26. Security Guards were forced by Defendant and regularly worked overtime.

27. Defendant has implemented and continues to implement a commonly applied policy and practice of requiring Security Guards to work overtime without any premium pay.

28. The Security Guards were compensated at straight time for overtime hours worked.

29. For example, for the two-week pay period of April 27, 2015 to May 10, 2015, Plaintiff worked a total of 153.50 hours.

30. Since the paystub does not break down the pay week by week, but instead does the aggregate of two weeks, based on the paystub alone, one cannot tell the precise amount of overtime worked.

31. However, based on the math a minimum of 73.50 hours were overtime hours that were paid at a straight rate of pay.

32. For the two-week pay period of April 27, 2015 to May 10, 2015, Plaintiff was paid at $15.00 per hour for all hours he worked, including regular hours and overtime hours.

33. As a result, for the two-week pay period of April 27, 2015 to May 10, 2015, Plaintiff was shorted at least $551.25 in overtime wages. This does not include liquidated damages, attorney's fees or costs.

34. At all relevant times herein, Defendant maintained control, oversight, and direction over Plaintiff and the putative collective members, including the promulgation and enforcement of policies affecting the payment of wages.

35. At all relevant times, Plaintiff and the putative collective members worked in the manner described above and Defendant encouraged, instructed, and required them to work in such manner.

36. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration, regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Virginia Department of Labor and Industry, or any administrative practice or enforcement policy of such departments.

37. Defendant's widespread violations of the above-described federal wage and hour statutes and regulations were/are willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

39. Plaintiff brings this collective action individually and on behalf of all other similarly situated employees, who were/are affected by Defendant's willful violations of the FLSA as described in this Complaint.

40. Plaintiff brings this action for relief for Defendant's intentional violations of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

The Collective is defined as follows:

> **All current and former Security Guards of CONTRACT SECURITY from June 2012 through the present.**

41. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

42. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they are all subject to Defendant's commonly applied policy and practice of paying employees overtime at straight time, in violation of the FLSA.

43. This litigation is properly brought as a collective action because of the existence of questions of fact and law common to the Collective which predominates over any questions affecting only individual members, including:

> (a) Whether Defendant is liable to Plaintiff and the putative collective members for violations under the FLSA;
>
> (b) Whether Plaintiff and the putative collective members worked overtime;
>
> (c) Whether Defendant failed to pay Plaintiff and the putative collective members overtime at time and half (1.5) their regular rate of pay.

44. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's commonly applied policy and practice, as alleged herein. Like all Class members, Plaintiff was damaged by Defendant's commonly applied policy and practice of failing to pay overtime, in violation of the FLSA.

45. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least fifty (50) putative class members have worked for Defendant during the applicable statutory period, without receiving appropriate overtime compensation, as required by law.

46. Plaintiff has no interests antagonistic to the interests of the other members of the Class.

Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

47. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

   b. Despite the size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

48. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

49. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This

litigation presents FLSA claims of a type that have often been prosecuted on a class wide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

### FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

50. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

51. Plaintiff was required by Defendant and did regularly work overtime.

52. Defendant failed to compensate Plaintiff overtime at time and half (1.5) his regular rate of pay, in violation of the FLSA.

53. Defendant's policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

54. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

55. As a result of the foregoing, Plaintiff was illegally denied overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

### SECOND CLAIM FOR RELIEF
### (Collective Action Claims for Violation of FLSA)

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

57. Plaintiff and all other similarly situated employees were required by Defendant and did regularly work overtime.

58. Defendant failed to compensate Plaintiff and all other similarly situated employees overtime compensation at time and half (1.5) their regular rate of pay, in violation of the FLSA.

59. Defendant's policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

60. Because Defendant willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

61. As a result of the foregoing, Plaintiff and the putative collective members were illegally deprived of overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's wage policy and/or practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

B. An Order certifying the FLSA collective;

C. An Order directing Defendant, at their own expense, to investigate and account for the number of hours actually worked by the Plaintiff and each putative collective member during each workweek;

D. Judgment for damages for all unpaid overtime compensation owed to the Plaintiff and each putative collective member during the applicable statutory period under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to the Plaintiff and each putative collective member during the applicable statutory period;

F. An Order directing Defendant to pay the Plaintiff and the putative collective members reasonable attorney's fees and all costs connected with this action;

G. Incentive award for the lead Plaintiff(s);

H. An Order for injunctive relief and permanently enjoining Defendant from future violations of the FLSA;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J. Judgment for any and all civil penalties to which the Plaintiff and all putative collective members may be entitled; and

K. Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the putative collective members demand trial by jury on all questions of fact raised by the Complaint.

Dated: July 1, 2015

Respectfully submitted,

**LAWRENCE & ASSOCIATES**

By: /s/ Barbara Queen
Barbara Queen (VSB#47314)
701 East Franklin Street, Suite 800
Richmond, VA 23219

Office: 804-643-9343
Fax: 804-643-9368
bqueen@lawrencelawyers.com

-And-

**JTB LAW GROUP, L.L.C.**
By: *s/ Jason T. Brown*
Jason T. Brown
(To be admitted *Pro Hac Vice*)
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000
(855) 582-5297 facsimile
jtb@jtblawgroup.com

*Attorneys for Plaintiffs*